IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| VICTORIA FERRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 130349D |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

The court entered its Decision in the above-entitled matter on April 9, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiff appeals Defendant's Notices of Deficiency Assessment, dated February 27, 2013, denying Plaintiff's claimed employee business expenses and job search expenses for tax years 2010 and 2011. A trial was held in the Oregon Tax Court Courtroom, Salem, Oregon, on January 27, 2014. Plaintiff appeared and testified on her own behalf. Nancy Berwick (Berwick), Tax Auditor, appeared and testified on behalf of Defendant.

Plaintiff's Exhibits 1 through 11 and Defendant's Exhibits A through H were admitted without objection.

## I.  STATEMENT OF FACTS

Plaintiff testified that she claimed deductions for business expenses incurred while employed as an outside sales representative for Latin Media NW in tax year 2010 and as the corporate sales manager for The Fruit Company during tax years 2010 and 2011. (Ptf's Compl at 1; Ptf's Exs 2, 4; Def's Exs C-D.) Plaintiff testified that she is entitled to deductions claimed

for expenses relating to her job search conducted April through September 2010. (Ptf's Ex 1 at 2; Def's Ex B at 7.) She testified that the claimed business expenses and job search expenses included payments made for a shared cell phone, internet, office supplies, computer repairs, parking, meals and entertainment, and transportation expenses. (Ptf's Exs 1, 6, 9.)

Plaintiff testified that her work with Latin Media NW in 2010 required substantial daily travel to make sales calls and service existing clients. (*See* Ptf's Ex 1 at 2.) She testified that her employer's reimbursement policy did not reimburse her for transportation, cell phone expenses, client gifts, or other work-related expenses. (*See* Ptf's Exs 1 at 2, 4 at 1.) Plaintiff submitted a letter from Latin Media NW stating that it did not reimburse Plaintiff "for any incurred expenses such as cell phone use, client gifts, and automobile gas mileage." (Ptf's Ex 4 at 1.) Plaintiff provided one cell phone bill addressed to her daughter and testified that she paid her daughter for a portion of the cell phone expenses. Plaintiff also provided a signed statement from her daughter indicating that Plaintiff "tends to pay me every 2 months for her phone. The check is usually $230.00 for every 2 months." (Ptf's Ex 3 at 1.) Plaintiff testified that the internet service purchased for use at home is utilized for both work and personal use. In support of her claimed internet expense, Plaintiff provided a welcome email and one monthly bill for her internet use in 2010. (Ptf's Ex 9 at 18, 22.)

To substantiate her transportation expenses, Plaintiff submitted a log book that listed her appointments for each relevant work day in 2010. (Ptf's Ex 7.) In that log book, Plaintiff noted the date and time of each appointment, and the name of the client and its address. (*Id.*) At the top of each daily log entry, Plaintiff indicated her starting address – her home in Vancouver, Washington – and the total number of miles for the day. (*Id.*) Plaintiff did not indicate the

/ / /

number of miles for each client contacted and at times did not state the specific business purpose for the client contact. (*Id*.)

For a portion of tax year 2010 and all of tax year 2011, Plaintiff testified that she was employed as the corporate sales manager at The Fruit Company. (Ptf's Exs 1 at 2, 4 at 2.) Plaintiff testified that her duties included early morning computer work at home, daily client calls or meetings, sales calls, team member training, sample distribution, and additional work at home in the evening. (*See* Ptf's Ex 1 at 2.) Plaintiff testified that she worked significantly more than 40 hours per week, both beginning and ending her work activities at home each day. (Ptf's Ex 1 at 3.) Plaintiff submitted a letter from her employer stating that The Fruit Company reimbursed Plaintiff "for approved expenses incurred on behalf of the company, which are typically only travel-related costs for attendance at trade shows." (Ptf's Ex 4 at 2.) Plaintiff submitted a daily log book for her work for The Fruit Company in 2010 and 2011; the log book for 2011 was similar in format to that submitted for 2010. (Ptf's Exs 7, 10.) Plaintiff also provided a summary excel spreadsheet of her 2011 log book. (Ptf's Ex 8.)

Plaintiff testified that The Fruit Company corporate offices were located in Hood River, Oregon. (*See* Ptf's Ex 2 at 1.). Plaintiff testified that the direct commute to her office from her home in Vancouver, Washington, was 53 miles, or 106 miles round-trip. On her 2011 tax return, Plaintiff noted 10 miles as her daily commute; Plaintiff testified that because she began her work at home most days and then traveled to her first sales call, she believed that she had no commute. (Def's Ex C at 3.) According to Plaintiff's testimony, the stated 10-mile commute represented an average of the occasional direct commute from home to work.

/ / /

/ / /

Plaintiff claimed the following expenses for tax years 2010 and 2011.

| | 2010 | 2011 |
|---|---|---|
| Transportation ($0.50 per mile rate) | $6,901.00 (13,803 miles) | $19,313.00 (38,626 miles) |
| Parking | $559.00 | $67.00 |
| Other Travel Expenses | $300.00 | $3,342.00 |
| Other Business Expenses | $4,503.00 | $8,415.00 |
| Meals & Entertainment | $113.00 ($227.00 x 50%) | $706.00 ($1,411.00 x 50%) |
| Job Supplies | | $3,926.00 |
| TOTAL | $12,376.00 | $35,769.00 |

(Def's Exs C, D at 6, 12.) In addition, Plaintiff submitted the following receipts to support her

claimed expenses.

| | 2010 | 2011 |
|---|---|---|
| Gas | $786.83 | $3,305.06 |
| Vehicle Expenses | $451.24 | $66.00 (car wash) |
| Computer Expenses | $304.98 | $187.20 |
| Cell Phone | $370.62 (shared account with her daughter) | 0.00 |
| Internet | 0.00 | $36.99[1] |
| Parking | 0.00 | 0.00 |
| Meals & Entertainment | $145.51 | $433.09 |
| Office Supplies | $46.25 (team snacks/drinks) $42.68 (paper/copies) | $796.67 (team snacks/drinks) $78.38 (copies/binders) |
| Trade Show Expenses | $8.50 | 0.00 |
| Postage | $10.63 | 0.00 |
| TOTAL | $2,167.24 | $4,903.39 |

/ / /

---

[1] Plaintiff provided one statement stating monthly charges of $36.99. (Ptf's Ex 9 at 22.) Plaintiff provided an introductory email from Comcast, noting service began in June, 2011. (*Id.* at 18.)

(Ptf's Exs 9, 11.)  Plaintiff acknowledged that several of her submitted receipts were illegible or only partially copied.  (*Id*.)  Plaintiff admitted that on some receipts, the copies cut off Plaintiff's written notes regarding the expense, rendering them indecipherable.  (*Id*.)

Defendant disallowed Plaintiff's claimed expenses.  Berwick testified that Plaintiff's claimed deductions were not substantiated by Plaintiff's evidence.  Berwick testified that Plaintiff failed to adequately separate business and personal expenses, pointing to Plaintiff's receipts for cell phone and internet service charges.  (*See* Ptf's Exs 6 at 12-17, 9 at 22.)  Berwick expressed concern that Plaintiff claimed duplicate expenses, which resulted in double-counting of some claimed deductions, including the use of both mileage and gas receipts for her claimed transportation deduction.  (*See* Def's Ex H at 1.)  Berwick testified that Plaintiff failed to reduce her claimed business mileage expense for commuting to her workplace and her mileage log did not include individual notations on the business purpose of each trip or the specific mileage per trip.  (*See id*; *see also* Ptf's Exs 7, 10.)

Following the audit, Defendant adjusted Plaintiff's 2010 return to allow $30 of Other Business Expenses and disallowing all other claimed business and job search expenses. (Def's Ex D at 6.)  Defendant adjusted Plaintiff's return for tax year 2011, allowing $28 of Other Business Expenses and disallowing all other claimed business expenses.  (Def's Ex D at 12.)

## II.  ANALYSIS

The issue before the court is Plaintiff's deduction of claimed employee business and job search expenses.  The Oregon Legislature has adopted the federal definition for deductions in order to "make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income[.]"[2]  *Ellison v. Dept. of Rev*. (*Ellison*), TC-MD

---

[2] The court's references to the Internal Revenue Code and accompanying regulations are to the 1986 code, and include updates applicable to 2010 and 2011.

No 041142D, WL 2414746 at *6 (Sept 23, 2005). That election is "subject to adjustments and modifications specified in Oregon law." ORS 316.007;[3] *Ellison*, WL 2414746 at *6.

To prevail in her dispute in the Oregon Tax Court, Plaintiff bears the burden of proof and must demonstrate her case by a preponderance of the evidence. ORS 305.427. That means that she must demonstrate she is entitled to her claimed expenses by the "more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). If Plaintiff provides evidence that is inconclusive, or simply unpersuasive to the court, she has failed to carry her burden of proof and her claim fails. *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Despite any claims made by either Plaintiff or Defendant, the court may, itself, determine the correct tax owed, if any. ORS 305.575.

A.      *Statutory framework*

As a general rule, Internal Revenue Code (IRC) § 262 does not permit deductions to be taken for any personal, living, or family expenses unless those deductions are specifically allowed elsewhere in the IRC. According to IRC § 162(a), an eligible taxpayer may claim a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Under that IRC section, a taxpayer must demonstrate the business expense in question is both "ordinary" and "necessary" for the taxpayer to carry on her employment. IRC § 162(a). An expense is necessary under the IRC if it is " 'appropriate and helpful' to the taxpayer's business." *Boyd v. Comm'r*, 83 TCM (CCH) 1253, WL 236685 at *2 (2002) (internal citations omitted). To be ordinary, the expense "must be of a common or frequent occurrence in the type of business involved." *Id*. Under Oregon case law, that does not mean that an expense is ordinary simply because the taxpayer customarily experiences it;

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to the 2009 version.

instead, it is ordinary if it "is customary or usual[] * * * [for] a particular trade, industry or community." *Roelli v. Dept. of Rev.*, 10 OTR 256, 258 (1986) (citing *Welch v. Helvering*, 290 US 111, 54 S Ct 8, 78 L Ed 212 (1933)); *Guinn v. Dept. of Rev.*, TC-MD No 040472D, WL 1089727 at *4 (Apr 19, 2005) (citing *Roelli* at 258).

To qualify for some deductions permitted under IRC § 162(a), a taxpayer must meet a substantiation threshold set out in IRC section 274(d)(4), which requires "adequate records or [] sufficient evidence corroborating the taxpayer's own statement" for any travel expenses or expenses relating to entertainment. Because deductions are allowable as "a matter of legislative grace, [the] taxpayer must meet the specific requirements for any deduction claimed[,]" including the maintenance of "records sufficient to substantiate their claimed deductions." *Gapikia v. Comm'r*, 81 TCM (CCH) 1488, WL 332038 at *2 (2001) (citations omitted). If a taxpayer claims an allowable deduction but fails to provide adequate written substantiation that she is entitled to that expense, the deduction may be denied. *See* IRC § 274(d); Temp Treas Reg § 1.274-5T(a)(4) (as amended in 2003). For a taxpayer to be entitled to claimed transportation, meals, or entertainment, a taxpayer must satisfy the requirements of both IRC §§ 162(a) and 274(d).

B.      *Transportation expenses*

The court first addresses Plaintiff's claimed deduction for the business use of her personal automobile. Plaintiff claimed deductions for unreimbursed transportation expenses for tax years 2010 and 2011. Plaintiff elected to claim that deduction as a per-mile deduction, at a rate of $0.50 per mile claimed. For 2010, Plaintiff claimed $6,901 in work-related transportation expenses for her work with Latin Media NW and The Fruit Company. Of those mileage expenses, Plaintiff claimed $580.50 for travel to job interviews during a period of unemployment

in 2010. Plaintiff claimed $19,313 in transportation expenses in 2011 for work performed for The Fruit Company.

### 1. Necessary and ordinary under IRC § 162(a)

Plaintiff testified at trial, and Defendant did not disagree, that transportation costs incurred as a result of business-related sales calls were both necessary and ordinary for her sales-related employment at Latin Media NW and The Fruit Company during the relevant tax years. Likewise, Defendant does not challenge on the basis of the requirements of IRC § 162(a) those transportation expenses incurred as a result of Plaintiff's job search interviews in 2010.

### 2. Substantiation under IRC § 274(d)

To adequately substantiate transportation expenses as required by IRC § 274(d), a taxpayer must provide for each use the mileage, time, place, and business purpose. *See* Temp Treas Reg § 1.274-5T(b)(2),(c). A taxpayer may provide substantiation through written documents accurately representing that information in the form of trip logs or a diary or other document, ideally prepared contemporaneously or near the same time as the use. *Contreras v. Commissioner*, 93 TCM (CCH) 1017 (2007) (citations omitted). If a taxpayer cannot produce a trip log prepared at the time of use, she must provide another type of evidence that corroborates her claims, and that evidence "must have a high degree of probative value to elevate [it] to the level of credibility [of a contemporaneous record]." Temp Treas Reg § 1.274-5T(c)(1) (as amended in 2003); *see Daiz v. Comm'r*, 84 TCM (CCH) 148, WL 1796832 at *6 (2002).

Plaintiff provided two sets of daily log books for the miles traveled in her personal automobile during 2010 and 2011, and a summary excel spreadsheet of her 2011 log book. Plaintiff testified that she kept handwritten records at the time of the automobile use, but did not include those records in her exhibits. The accuracy of Plaintiff's spreadsheet is not confirmed

because Plaintiff failed to submit the original logs. Plaintiff's daily log books typically included a date and time of appointment and the business name and address of the client contact. The top of each daily log entry included a total daily mileage; Plaintiff did not break out that daily mileage for each client contact. Some, but not all, entries stated a specific business purpose.

To provide substantiation sufficient to satisfy the requirements of IRC § 274(d), Plaintiff must support any item not stated in her daily log, such as business purpose, with an "adequate record * * * which substantiates business/investment use * * * [h]owever, the level of detail required in an adequate record * * * may vary depending upon the facts and circumstances." Temp Treas Reg 1.274-5T(c)(2)(ii)(C). Plaintiff testified that her travel typically correlated with sales calls on current or prospective clients in 2010 and 2011. Defendant did not dispute Plaintiff's testimony that the business purpose of her travel was primarily for sales calls. For mileage associated with Plaintiff's employment in 2010 and 2011, the court accepts Plaintiff's substantiation provided by her daily logs and supporting spreadsheet for those entries that state a location and date, and where the purpose of the business trip is discernible from the evidence provided.

For mileage incurred as a result of Plaintiff's 2010 employment interviews, Plaintiff provided entries in her 2010 daily log book listing the interviewing employer, total mileage incurred, and the date and location of the interview. Because "expenses incurred in seeking new employment in the same trade or business are deductible under [IRC] section 162 * * * if directly connected with such trade or business[,]" the substantiation requirements for Plaintiff's travel expenses relating to her job interviews are the same. Rev Rul 75-120. For the mileage claimed for job search in 2010, the court accepts Plaintiff's substantiation. As a result, the court

accepts Plaintiff's transportation expenses of $580.50 for travel associated with her 2010 job search.

3.    Commuting

Under IRC § 162, a taxpayer may deduct "such traveling expenses [that] are reasonable and necessary in the conduct of the taxpayer's business and directly attributable to it * * *." Treas Reg § 1.162-2(a). Generally, a taxpayer may not deduct daily transportation expenses, commonly referred to as commuting expenses, incurred in going between the taxpayer's residence and her regular place of business or employment. Treas Reg § 1.262-1(b)(5); *see also* 1.162-2(e); Rev Rul 99-7, 1999-1 C B 361. That rule is based on the premise that "* * * where a taxpayer chooses to live is a personal decision. The distance a taxpayer chooses to live from [her] place of business does not change the character of the expense." *Harding v. Dept. of Rev.*, 13 OTR 454, 458 (1996); *see Commissioner v. Flowers*, 326 US 465, 473, 66 S Ct 250, 90 L Ed 203 (1946). In contrast, if a taxpayer has one or more regular work locations away from the taxpayer's residence, the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location in the same trade or business. Rev Rul 99-7, 1999-1 CB 361. A taxpayer bears the burden of proof.

Plaintiff claims that her work day begins at home where she conducts required employment-related business activities. According to Plaintiff, her home is her first job site and any travel from her home to another sales call is not a commute but is an allowable deduction. Plaintiff provided no substantiation in her daily log, specifically mileage and business purpose, that her claimed transportation expense was incurred in going between her residence and a temporary work location. If Plaintiff's work at home is not conducted in her principal place of business as that term is defined by IRC § 280A(c)(1), then "the business activity there (if any) is

not sufficient to overcome the inherently personal nature of the residence and the daily transportation expenses incurred in going between the residence and regular work locations." Rev Rul 99-7. Plaintiff has not sought to establish, nor has she established, a home office or principal place of business under IRC § 280A(c)(1). Although Plaintiff testified that she regularly completed some employment-related work at her residence, Plaintiff failed to establish that her primary purpose in returning home was to return to her principal place of business to conduct work. Plaintiff's mileage deductions must be reduced by the amount of her daily commute to and from the corporate business or headquarters where her office is located.

In the early part of 2010, Plaintiff was employed by Latin Media NW with corporate offices located in downtown Portland, Oregon. Plaintiff lived in Vancouver, Washington, in 2010. Plaintiff did not provide evidence as to the distance between her residence and the Latin Media NW offices. Without information on the number of personal miles traveled daily for her commute, Plaintiff's allowable mileage cannot be determined. Plaintiff failed to meet her burden of proof. Plaintiff's request for a deduction for travel related to her work at Latin Media NW is denied.

From September 2010 through the end of tax year 2011, Plaintiff was employed by The Fruit Company. Plaintiff testified that the average commute between her home in Vancouver, Washington, and her workplace, The Fruit Company in Hood River, Oregon, was 106 miles round-trip; Berwick did not dispute Plaintiff's testimony. Plaintiff's daily commute of 106 miles is deducted from the mileage claimed in her daily log. All other mileage properly substantiated by entries in Plaintiff's daily logs including a noted business purpose as required by IRC § 274(d) will be allowed.[4]

---

[4] The court disallows 42 miles claimed by Plaintiff for travel to and from the airport for air travel relating to a trade show. (Ptf's Ex 10 at 12, 15.) The letter provided by Plaintiff from her employer, The Fruit Company,

Plaintiff's allowable business transportation expense claimed as unreimbursed employee expense is $430 for tax year 2010 and $2,677 for tax year 2011.[5]

4.      Gas receipts

Under IRC § 162(a), Plaintiff may claim transportation expenses using either standard rate per mile or actual costs, but may not claim both.  Treas Reg § 1.274-5(j)(2).  Defendant asserts that Plaintiff claimed automobile transportation expenses twice: once using a standard rate per mile and again using gas receipts.  Defendant is correct.  Plaintiff cannot claim transportation expenses using both methods.  Plaintiff's transportation deduction using gas receipts is denied.

D.      *Entertainment and meals*

Like transportation expense, Plaintiff must sufficiently substantiate her claimed entertainment and meals business expenses under IRC § 274(d).  The Oregon Tax Court has noted that "because of the personal nature of the [entertainment and meals] expense, the law imposes extensive requirements for substantiating the amount, time, and place of the expense; the business purpose of the expense; and the relationship to the taxpayer of the persons entertained." *Harding v. Dept. of Rev.* (*Harding*), 13 OTR 454, 461 (1996) (citing Treas Reg § 1.274-5T(c) (1989)).  In *Harding*, the court denied the taxpayer's claimed entertainment and meal expenses for failure to adequately substantiate those deductions, stating "[t]axpayer's records consist of receipts showing a date, amount, receipt number, and a hand-written name or two.  In many instances, the receipt does not indicate the name or location of the restaurant and

---

indicates that travel expenses for trade shows are typically reimbursable expenses.  Under IRC § 162(a), an expense is not necessary if an employee can seek reimbursement but fails to do so.  *Orvis v. Comm'r*, 788 F2d 1406 (1986).  Plaintiff provided no evidence that she sought reimbursement for that mileage.

[5] The allowable business mileage is 860 and 5,354 miles set forth in Plaintiff's 2010 and 2011 daily logs as unreimbursed employee travel expenses reduced for personal commute miles and multiplied by the standard per-mile rate of $0.50.

none of the receipts state a business purpose for the expense." *Harding*, 13 OTR at 461. Although most of Plaintiff's meal receipts clearly show the date, time, place, and amount of the charge, a large number of the meal receipts either omit any stated qualifying business purpose or bear unexplained hand-written notations such as "corp lunch" or "group lunch." (Ptf's Exs 6 at 7, 9 at 3.) No further information was provided. Plaintiff's receipts are insufficient to meet the business purpose and business relationship requirements of IRC § 274(d).

A few of Plaintiff's receipts include the name of a particular client or business, which, coupled with Plaintiff's daily log notes, provide sufficient substantiation of a qualifying business purpose and business relationship to allow a deduction for the claimed expenses. Those receipts, totaling $28 in 2010 and $204 (rounded) in 2011, are allowed but must be reduced 50 percent. IRC § 274(n).

Plaintiff claimed a deduction for a final category of meals, typically pizza delivery orders or take-out items, which she labeled "for team." (Ptf's Ex 6 at 7, 8; Ex 9 at 7, 29.) "An employee may deduct unreimbursed * * * entertainment expenses which were actually paid by [her] and which were ordinary and necessary expenses of [her] trade or business." *Worth v. Comm'r (Worth)*, 20 TCM (CCH) 216 (1961) (citation omitted). Plaintiff failed to prove that purchasing meals for her coworkers is an ordinary and necessary expense of her job. It is undoubtedly generous of Plaintiff to provide her team with lunch, and it may be an activity normally carried on by an employer to show appreciation and generate a sense of camaraderie. In this case, Plaintiff provided no evidence that those claimed expenses were either a type of expense required by her employer or that it was customary or usual and ordinary, specifically for a corporate sales manager to purchase meals for employees in her department. *See also Engel v. Dept. of Rev.*, TC-MD No 110807D, WL 541520 at *5 (Feb 16 2012) (denying a claimed

deduction because taxpayers failed to demonstrate it was a customary or usual expense under the circumstances).

Plaintiff is allowed a meals and entertainment deduction of $14 for 2010 and $102 for 2011.

D.    *Computer, internet, and cell phone expenses*

Plaintiff states that she is entitled to claim deductions relating to payments made for her shared cell phone and internet services. Plaintiff provided letters from both of her employers during the tax years at issue, stating that Plaintiff was required to maintain a cell phone and computer with internet access to perform her job duties.

Plaintiff also claims expenses relating to her home computer. Those expenses include a new computer monitor, computer upgrades, and a memory card. Plaintiff provided receipts for those claimed business expenses.

Plaintiff concludes she is entitled to claim these deductions because she has assumed expenses that are clearly attributable to her employment. *See Kessler v. Comm'r (Kessler)*, 49 TCM (CCH) 1565 (1985) (citations omitted), noting that "an additional cost which [is] directly attributable to [a taxpayer's] employment" may be deducted. Plaintiff's testified that her cell phone use was both mixed and personal. IRC § 262 provides that "no deduction shall be allowed for personal, living, or family expenses."

Looking first at the Plaintiff's shared cell phone deduction, Plaintiff provided one cell phone bill addressed to her daughter and testified that she paid her daughter for a portion of the cell phone expenses. Plaintiff also provided a signed statement from her daughter indicating that Plaintiff "tends to pay me every 2 months for her phone. The check is usually $230.00 for every 2 months." (Ptf's Ex 3 at 1.) Plaintiff failed to substantiate the actual payment of cell phone

expenses. In addition, without documented business use of Plaintiff's shared cell phone, she is not entitled to "convert an otherwise personal expense into a business expense to be shared by the Government." *Kessler*, 49 TCM (CCH) 1565. Plaintiff's deduction claimed for cell phone use is denied.

To claim a deduction for home internet service and computer equipment as an ordinary and necessary business expense under IRC § 162, Plaintiff must demonstrate both actual payment of internet charges, and the proportionate business use of that service and her computer. Plaintiff provided a welcome email and one monthly bill for her internet use in 2010. Plaintiff testified that the internet service she purchased was for both work and personal use. Plaintiff failed to demonstrate what portion of her internet service was used for employment-related purposes. Plaintiff failed to provide adequate substantiation to support the monthly charge: Plaintiff provided only one bill for the internet service – one bill is inadequate proof of the amount of an ongoing expense.

Even though Plaintiff provided receipts to substantiate her claimed deduction for her computer equipment, Plaintiff offered no evidence documenting what portion of her computer use was business in contrast to personal. Plaintiff's receipts are insufficient to document business use.

Plaintiff failed to carry her burden of proof to substantiate the claimed business use of a shared cell phone, internet service and computer equipment.

E.    *Parking, other travel expenses and trade show expenses*

On her 2010 and 2011 income tax returns, Plaintiff claimed expenses for parking in the amounts of $559 and $67. Plaintiff did not testify about the specific parking expenses, nor did she provide any documentary evidence to substantiate her claimed parking deductions. The

court has insufficient evidence to determine if Plaintiff is entitled to a deduction for parking expenses and Plaintiff's deduction is denied.

Plaintiff also claimed "other travel expenses" on her tax returns in the amounts of $300 and $3,342 for tax years 2010 and 2011, respectively. Plaintiff did not testify regarding those expenses and offered no substantiation for her claimed deductions.

Plaintiff provided a receipt totaling $8.50 for expenses relating to candy purchased for a trade show, which Plaintiff attended in Las Vegas in 2011. (Ptf's Ex 6 at 4.) That purchase is supported by Plaintiff's daily log entry which notes "pick up supplies for trade show" on the same date as the candy purchase. (Ptf's Ex 7 at 49.) Plaintiff adequately substantiated the expense in the amount of $8.50 for trade show candy; that expense is allowed. All other travel expenses claimed by Plaintiff for the tax years at issue have not been properly substantiated and are denied.

F.      *Office supplies and other miscellaneous expenses*

Plaintiff claimed deductions relating to a variety of items labeled "office expenses." A review of Plaintiff's substantiating receipts shows that those expenses are primarily grocery store purchases: Ziploc bags, tea, coffee, creamer, soup, and other similar consumables. (Ptf's Exs 6 at 8, 9 at 8, 12.) Plaintiff submitted receipts showing samples purchased from her employer. (Ptf's Ex 9 at 6.) Plaintiff provided no explanation as to why she purchased samples from her employer. Although it is admirable that Plaintiff provides small treats or makes other thoughtful gestures for her coworkers, the use or consumption of these items at the workplace does not render them expenses eligible for deduction. "That [Plaintiff] was not in fact reimbursed does not change expenditures made on behalf of the corporation into ordinary and necessary expenses of [Plaintiff]." *Worth*, 20 TCM (CCH) 216. Likewise, a car wash service is typically considered

a personal expense, the unsubstantiated cost of which is not passed on to an employer simply because the service is rendered for an automobile used for business purposes. (Ptf's Ex 9 at 14-15.) Because IRC § 262 "operates to exclude items that are required by an employer but are nonetheless inherently personal in nature," Plaintiff cannot claim these purchases or services without first demonstrating that they are necessary and ordinary expenses of her employment. *Kessler*, 49 TCM (CCH) 1565. Plaintiff has not done so here, and Plaintiff's claimed deductions are denied.

Plaintiff submitted a few receipts for copies, specifically Fedex Office for $33.00, cash deposit at Fedex Office for $20 and postage ($10.63). Plaintiff offered no explanation through her testimony that those expenses were ordinary and necessary business expenses. Those deductions claimed by Plaintiff are denied.

## III. CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiff has successfully substantiated some of her claimed employment-related business and job search expenses, but not all deductions that she claimed for tax years 2010 and 2011. Now, therefore,

IT IS DECIDED that Plaintiff's appeal of Defendant's denial of claimed deductions for parking, other travel expenses, other business expenses including cell phone, internet and computer, and office supplies including samples purchased from her employer, copies, postage, and car wash expense for tax years 2010 and 2011 is denied.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct transportation expenses of $430 for tax year 2010.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct $580.50 for transportation expenses relating to her job interviews in tax year 2010.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct transportation expenses of $2,677 for tax year 2011.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct entertainment and meals expenses of $14 for tax year 2010.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct entertainment and meals expenses of $102 for tax year 2011.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct trade show expenses as an ordinary and necessary expense in the amount of $8.50 for tax year 2011.

Dated this ___ day of April 2014.


 

JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on April 28, 2014. The court filed and entered this document on April 28, 2014.*