Albert C. HARDING

*v.*

DEPARTMENT OF REVENUE

(TC 3744)

Frank C. Rote, III, Brown, Hughes, Bird, Lane & Rote, Grants Pass, represented plaintiff (taxpayer).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered March 12, 1996.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from assessments of additional income taxes for 1989 and 1990. The Department of Revenue (department) issued the assessments after it disallowed taxpayer's deductions for (1) away from home travel expenses, (2) meals and entertainment expenses, and (3) depreciation on two motor homes.[1] The matter is before the court on stipulated facts and cross motions for summary judgment.

Taxpayer is a self-employed public accountant and licensed tax preparer in California. He has conducted his business out of a motor home since the early 1980's. Apparently, taxpayer cultivated clients that required him to perform accounting services on site. Taxpayer used his motor home as a mobile office, driving it to a client's place of business and performing the accounting or tax preparation services in the motor home. Upon completion, taxpayer would travel to the next client's location.

In January 1989, taxpayer moved to Rainier, Oregon, where he rented the lower portion of a house (living room, bathroom and bedroom) for $125 per month. In April 1989, taxpayer sold his home in Fresno, California.

In 1989, taxpayer's largest client began exploring operations in the state of Washington while continuing to

---

[1] During the years in question, taxpayer sold one motor home and purchased another. Both homes were used in a similar fashion.

operate in California. Taxpayer flew to Washington twice in 1989 with representatives of that client.

During 1989 and 1990, taxpayer performed services for eight clients in Fresno, Merced, Turlock and Copperopolis, all located in the San Joaquin Valley in Central California. In 1990, he also performed services for his largest client in Redmond, Washington. Taxpayer drove his motor home to the various locations to service his clients. In 1989, taxpayer made 10 trips to California and in 1990, he made 11 trips to California and five trips to Redmond, Washington. The trips to California typically lasted two weeks. Taxpayer spent a total of three weeks in 1990 performing services for the client in Redmond, Washington.

At the end of each day, after performing services at a client's business, taxpayer would drive the motor home to a commercial campground for the night. Thus, taxpayer used the motor home as a means of transportation for traveling to California and to Redmond, Washington, as an accounting office parked on or next to the client's premises in which taxpayer performed his accounting and tax preparation services, and as a place of abode. Taxpayer did not drive the motor home anywhere except to the various business premises and the necessary overnight locations.

The parties have stipulated that taxpayer's testimony would be:

"[T]he motor homes were required for his accounting business because his client's [*sic*] required the majority of their accounting work done by [taxpayer] to be done on the respective job site of each client. After [taxpayer] ceased doing business in a motor home, he lost most of his clients, including his largest[.]"

Taxpayer would also testify that:

"[Taxpayer's] relocation from California to Oregon was driven by business purpose, viz.: to be midway between the two areas where he had major business operations: Northern California, Nevada and Seattle[,] Washington."

The testimony of Linda Thomas, the department's auditor who audited the tax years at issue, would be as follows:

"During the audit of [taxpayer's] 1989 and 1990 tax years, [taxpayer] explained that he moved from Fresno, California, to Rainier, Oregon, because he liked Oregon, wanted to retire in Oregon and wanted to purchase property in Oregon."

Taxpayer's appeal raises three issues. The court will separately address each issue.

## ISSUE No. 1

Were taxpayer's travel expenses from Rainier, Oregon, to California and Washington deductible as away from home travel expenses?

Oregon has adopted federal taxable income as the measure of Oregon taxable income. ORS 316.048.[2] Accordingly, Oregon looks to federal law. IRC section 162(a)(2)[3] provides:

"(a)   There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -

"* * * * *

"(2)   traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business[.]"

In contrast, IRC section 262(a) provides:

"[E]xcept as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."

The regulations state that "[c]ommuters' fares are not considered business expenses and are not deductible." Treas Reg § 1.162-2(e). The parties' arguments focus upon whether taxpayer was away from home.

The question of when travel is "away from home" is an area of dispute and unsettled interpretation by federal

---

[2] All references to the Oregon Revised Statutes are to the 1989 Replacement Part.

[3] All federal statutory references are to the Internal Revenue Code of 1989.

courts. Some courts have interpreted the word "home" to mean tax home. *Barnhill v. Commissioner of Internal Revenue*, 148 F2d 913, 45-1 USTC (CCH) ¶ 9260 (4th Cir 1945). Other courts have indicated that "home" means residence or place of abode. *Wallace v. Commissioner of Internal Revenue*, 144 F2d 407, 44-2 USTC (CCH) ¶ 9437 (9th Cir 1944); *Flowers v. Commissioner of Internal Revenue*, 148 F2d 163, 45-1 USTC (CCH) ¶ 9227 (5th Cir 1945). Although the United States Supreme Court has had an opportunity to resolve the dispute, it has not done so. *See Commissioner v. Flowers*, 326 US 465, 66 S Ct 250, 90 LEd 203, 46-1 USTC (CCH) ¶ 9127 (1946).

■■■ The purpose of IRC section 162(a)(2) is to ameliorate the effects of business which requires taxpayers to duplicate personal living expenses. Consequently, courts must determine whether the claimed expense is actually required by the business rather than by the taxpayer's personal choice. In doing so, courts must consider why a taxpayer's abode is not near the taxpayer's place of business. Likewise, because individuals may have more than one place of abode and more than one place of business, courts must determine which is the principal abode and which is the principal place of business. Commuting expenses are considered not to be required by business because where a taxpayer chooses to live is a personal decision. The distance a taxpayer chooses to live from his place of business does not change the character of the expense.

> "Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same." *Commissioner v. Flowers*, 326 US at 473.

As Judge Friendly pointed out in *Rosenspan v. United States*, 438 F2d 905, 71-1 USTC (CCH) ¶ 9241 (2d Cir 1971), *cert den* 404 US 864, 92 S Ct 54, 30 LEd 2d 108 (1971), the dispute over the meaning of "home" is largely unnecessary if the focus of analysis is shifted to a "questioning of the business necessity for incurring the expense." *Id.*, 438 F2d at 912. Shifting the focus of analysis

> "does not upset the basic structure of the decisions which have dealt with this problem * * * and [it] * * * provides a

sounder conceptual framework for analysis while following the ordinary meaning of [the statute's] language." *Id.*

In adopting federal law, the Oregon legislature was cognizant of interpretive disputes among the federal courts and adopted ORS 316.032(2), which provides:

> "Insofar as is practicable in the administration of this chapter, the department shall apply and follow the administrative and judicial interpretations of the federal income tax law. When a provision of the federal income tax law is the subject of conflicting opinions by two or more federal courts, the department shall follow the rule observed by the United States Commissioner of Internal Revenue until the conflict is resolved. Nothing contained in this section limits the right or duty of the department to audit the return of any taxpayer or to determine any fact relating to the tax liability of any taxpayer."

■ There can be little doubt the Commissioner of Internal Revenue observes the rule that, for purposes of section 162(a)(2), "home" means the taxpayer's principal place of business or employment. *See* Rev Rul 83-82, 1983-1 CB 45. This is the rule this court has followed in the past. *See, e.g., Finn v. Dept. of Rev.*, 10 OTR 393 (1987). This rule focuses on the relationship between the place of the taxpayer's abode and his principal place of business. As indicated above, in the great majority of cases, the same result may be reached by focusing on the business necessity of the travel involved.

■ In this case, Rainier may have been taxpayer's principal place of abode or "home," but it was not his tax home. Taxpayer had no office or clients in Rainier and performed no work there. Consequently, taxpayer's travel from Rainier to California constituted commuting expenses. It was taxpayer's personal choice, not business necessity, that caused him to live in Rainier.

Further, whether Rainier was taxpayer's personal abode or "home" is not entirely free of doubt. Based on the number and length of trips taxpayer made to California, taxpayer's "home" may have been in the motor home. In any case, whether taxpayer's principal abode was in Rainier or in the motor home, the travel to California from Rainier was not required by his business.

The court finds that the San Joaquin Valley constituted the principal place of taxpayer's business. Accordingly, only the cost of transportation from one client's location to another was deductible because this travel was required by the exigencies of taxpayer's business. *See* Rev Rul 55-109, 1955-1 CB 261. Likewise, travel from the San Joaquin Valley to Redmond, Washington, to service taxpayer's client in Redmond, was a deductible travel expense.

## ISSUE No. 2

May taxpayer deduct depreciation on his motor homes?

■ Taxpayer's motor home served as a place of abode, an office, and a form of transportation. IRC section 280A(a) disallows depreciation deductions for "dwelling units" that are used as a residence by a taxpayer during the taxable year, rather than used exclusively for business.[4] The statute includes a motor home within the definition of a dwelling unit. IRC § 280A(f)(1)(A). Therefore, because taxpayer used his motor home as a residence during the taxable years in question, he is not entitled to a depreciation deduction on his motor home. *See Haberkorn v. Commissioner*, 75 TC 259 (1980).

Taxpayer argues that he exclusively used the motor home for business except to the extent he slept in it. This is akin to arguing that an accountant who sleeps in his or her office does not convert the office into a home. However, this is not a case where someone spends a night in their office. Taxpayer spent almost half of each year in the motor home. Considering the facilities of the motor home, the court may reasonably infer that taxpayer did more than simply sleep there. Moreover, the motor home was not used exclusively for business purposes. It was used to commute from Rainier to the San Joaquin Valley. Use of the motor home for commuting

---

[4] IRC section 280A(a) provides the general rule:

"Except as otherwise provided in this section, in the case of a taxpayer who is an individual or a[n] S corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence."

from Oregon to California was a personal use, not a business use. *See generally* Treas Reg § 1.280A-2(g) (1983).

## ISSUE No. 3

Whether taxpayer may deduct the claimed meals and entertainment expenses.

■■ A taxpayer may deduct meals and entertainment expenses incurred in connection with business. IRC § 162. However, because of the personal nature of the expense, the law imposes extensive requirements for substantiating the amount, time, and place of the expense; the business purpose of the expense; and the relationship to the taxpayer of the persons entertained. *See* Treas Reg § 1.274-5T(c)(1989). Taxpayer's records consist of receipts showing a date, amount, receipt number, and a hand-written name or two. In many instances, the receipt does not indicate the name or location of the restaurant and none of the receipts state a business purpose for the expense. The department denied taxpayer's claimed meals and entertainment expenses for lack of substantiating evidence.

Taxpayer is a licensed tax preparer and should know the legal requirements for records to substantiate entertainment expenses. His records, as submitted, do not meet the requirements. Based upon the information submitted and the stipulated facts, the court finds taxpayer has failed to substantiate the claimed entertainment and meal expenses. Now, therefore,

IT IS HEREBY ORDERED that the department's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that taxpayer's Motion for Summary Judgment is denied. The department to recover costs and disbursements.