IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

STEVEN L. WORTLEY                      )
and MARLENE K. WORTLEY,                )
                                       )
             Plaintiffs,               )       TC-MD 130393N
                                       )
      v.                               )
                                       )
DEPARTMENT OF REVENUE,                 )
State of Oregon,                       )
                                       )
             Defendant.                )       **FINAL DECISION**

The court entered its Decision in the above-entitled matter on November 20, 2013. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiffs appeal Defendant's conference decision for the 2009 tax year, issued April 18, 2013. (Ptfs' Compl at 10.) A trial was held in the Oregon Tax Courtroom on September 30, 2013. Richard R. Kilbride, power of attorney, appeared on behalf of Plaintiffs. Steven L. Wortley (Wortley) and Howard A. Adams, CPA, testified on behalf of Plaintiffs. Genevieve Traub (Traub), Tax Auditor, appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 through 20 and Defendant's Exhibits A through E were received without objection.

## I. STATEMENT OF FACTS

Wortley testified that he was and is an electrician with the assumed business name Breakers Electric LLC. (*See* Ptfs' Ex 1.) He testified that he has filed a Schedule C each year for his business. Wortley testified that, in tax years prior to 2009, he received gross income from

his business, but in 2009 he reported a loss.[1] Wortley testified that he has maintained an office in his home since 2003 and taken deductions for that office most tax years. (*See* Ptfs' Exs 1-2.) He testified that bookkeeping for the business was completed at his home office, business telephone calls were received at his home office, and bills were paid from his home office. Wortley testified that he could not take a deduction on his 2009 Schedule C because he reported a loss; the deduction was carried forward to his 2010 Schedule C. (*See* Ptfs' Exs 1, 17.) Wortley testified that his home office was and is in Waldport, Oregon, and that most of his business is on the central Oregon coast, from Yachats to Lincoln City.

Wortley testified that, in 2009, he sought work as an electrician through his union because he had insufficient work through his business. He testified that, in 2009, he had union jobs in Kennewick, Washington; Richland, Washington; Pendleton, Oregon; Arlington, Oregon and other locations in eastern Washington and Oregon. (*See* Ptfs' Ex 4 (list of jobs in 2009).) Wortley testified about the process of receiving work through the union. He testified that the Oregon coast was his "home local" and he was on "Book 1" at his home local, but he could go to any other union hall and sign its "Book 2" list. Wortley testified that, once everyone on "Book 1" had been hired for a job, those on "Book 2" would be called. He testified that it was typically necessary to physically appear at a union hall to add his name to the list. Wortley testified that, after completing a job, he would return to union halls to add his name back to lists. He testified that he was an employee when he worked on union jobs in 2009 and was not reimbursed for any of his travel in 2009 for union jobs. (*See* Ptfs' Ex 3.)

Wortley testified that, at the beginning of 2009, he used a van to travel back and forth to job sites, but he began using a passenger car in mid-2009. He testified that his wife had her own

---

[1] Wortley testified that, in 2010, gross income from his business was approximately $81,000 whereas, in 2009, it was approximately $34,000. (*See* Ptfs' Exs 1, 17.)

car in 2009. Wortley testified that he recorded all of his business mileage in his mileage log and that the mileage recorded in his log was for business purposes only. (*See* Ptfs' Ex 5; Def's Ex D (mileage log).) Defendant questioned Wortley about a trip to Coos Bay from a job site in Arlington on February 7, 2009, and about a trip to Waldport from Arlington on February 15, 2009. (Def's Ex D at 21, 25.) Wortley testified that he drove to Coos Bay to visit his father-in-law who was in the hospital and he returned to Waldport the following week when his father-in-law passed away. (*See id.*) Wortley testified that he always worked in the Waldport area when he returned home on days off in 2009.

Traub testified that she reviewed Wortley's mileage log and adjusted the total mileage allowed for 2009 to exclude miles claimed for trips to and from Waldport on Wortley's days off during temporary union jobs. (*See* Defs' Ex B at 1 (summary of mileage adjustments).) Traub testified that she allowed all miles driven to a job site at the start of a job and from a job site at the end of a job, as well as miles driven between temporary lodging and the job site. (*See generally* Def's Ex B.) She testified that she also allowed meals and substantiated lodging costs during temporary union jobs. Traub testified that she allowed travel deductions on Wortley's days off during temporary union jobs only to the extent of the deduction that would have been allowed had Wortley not returned to Waldport. (*See id.*) For example, Wortley claimed 300 miles on January 10, 2009, for his travel from Arlington to Waldport and he claimed 300 miles on January 11, 2009, for his travel from Waldport back to Arlington. (Def's Ex D at 8.) Traub allowed a deduction of $39 for meals and a deduction for lodging at the temporary job site, but did not allow an additional deduction for the 600 miles. (Def's Ex B at 2.) Wortley's mileage log reported 39,306 miles driven in 2009. (*Id.* at 1.) Traub allowed 13,066 miles in 2009. (*Id.*)

/ / /

## II. ANALYSIS

The issue before the court is whether, and to what extent, Plaintiffs may deduct as a business expense Wortley's mileage for travel between temporary job locations and his tax home in Waldport on his days off during temporary union jobs in the 2009 tax year. This court has previously held that the Oregon legislature "intended to make Oregon personal income tax law identical to the [IRC] for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007." *Ellison v. Dept. of Rev.,* TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005). On the issue before the court, "Oregon law makes no adjustments to the [IRC] and therefore, federal law governs the analysis." *Porter v. Dept. of Rev. (Porter)*, __ OTR __ (Oct 20, 2009) (slip op at 2); ORS 316.007,[2] ORS 316.012. "Further, the view of the Commissioner of Internal Revenue as to the legal analysis is always dispositive." *Porter*, __ OTR __ (slip op at 2-3); *see also* ORS 314.011(3).

IRC section 162(a) allows a deduction for travel expenses incurred in connection with a trade or business, stating in pertinent part:

> "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * *

> "(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business[.]"[3]

"To be 'necessary[,]' an expense must be 'appropriate and helpful' to the taxpayer's business. * * * To be 'ordinary[,]' the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved." *Boyd v. Comm'r*, 83 TCM (CCH) 1253,

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2007.

[3] All references to the Internal Revenue Code (IRC) are to the 1986 code with updates applicable to 2009.

WL 236685 at *2 (US Tax Ct) (2002) (internal citations omitted). "[A]n ordinary expense is one which is customary or usual. This does not mean customary or usual within the taxpayer's experience but rather in the experience of a particular trade, industry or community." *Roelli v. Dept. of Rev.*, 10 OTR 256, 258 (1986) (citation omitted).

The business expense deduction under IRC section 162(a)(2) includes deductions for mileage, meals, lodging and other travel expenses incurred while away from home in the pursuit of a trade or business. IRC section 262 generally disallows deductions for "personal, living, or family expenses" not otherwise expressly provided for in the IRC. "The purpose of IRC § 162(a)(2) is to ameliorate the effects of business which requires taxpayers to duplicate personal living expenses." *Harding v. Dept. of Rev.*, 13 OTR 454, 458 (1996). "Consequently, courts must determine whether the claimed expense is actually required by the business rather than by the taxpayer's personal choice." *Id.*

To deduct travel expenses under IRC section 162(a)(2), taxpayers must show that the expenses "(1) were incurred in connection with a trade or business; (2) were incurred while away from home; and (3) were reasonable and necessary." *Morey v. Dept. of Rev.* (*Morey*), 18 OTR 76, 80-81 (2004) (citation omitted). For a taxpayer to be considered "away from home" within the meaning of IRC section 162(a)(2), the taxpayer must be on a trip requiring sleep or rest. *United States v. Correll*, 389 US 299, 302-03, 88 S Ct 445, 19 L Ed 2d 537 (1967). "In general, a taxpayer's home for the purposes of section 162(a)(2)- *i.e.,* the taxpayer's 'tax home'- is the taxpayer's principal place of business or employment." *Morey*, 18 OTR at 81 (citation omitted). "[T]he taxpayer's personal residence is the individual's tax home if the principal place of business is 'temporary' as opposed to 'indefinite' or 'indeterminate.' " *Id.* (citations omitted).

/ / /

Allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992) (citations omitted). As the party seeking affirmative relief, Plaintiffs have the burden of proof by a preponderance of the evidence. ORS 305.427. This court has previously ruled that a "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Finally, in an income tax appeal, this court has the statutory authority to determine the correct amount of the deficiency (*e.g.*, tax), "even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue[.]" ORS 305.575.

The parties agree that, in 2009, Plaintiffs' personal residence was Wortley's tax home and that Wortley's "job assignments were temporary in nature." (Ptfs' Compl at 9 (conference decision).) There is no dispute that Wortley was away from home when he traveled to temporary job locations. Accordingly, Traub allowed deductions for Wortley's mileage to and from each temporary job location at the beginning and end of each job, as well as meals and lodging for the duration of the job. She also allowed daily mileage for Wortley's travel between his temporary lodging and the job site. Traub disallowed Wortley's claimed mileage for travel home on his days off during temporary job assignments, but she allowed deductions for temporary lodging and meals on Wortley's days off. Traub testified that IRS Publication 463 supports her adjustment to Wortley's claimed mileage deductions for travel home on his days off:

> "**Going home on days off.** If you go back to your tax home from a temporary assignment on your days off, you are not considered away from home while you are in your hometown. You cannot deduct the cost of your meals and lodging there. However, you can deduct your travel expenses, including meals and

lodging, while traveling between your temporary place of work and your tax home.  You can claim these expenses up to the amount it would have cost you to stay at your temporary place of work.

"If you keep your hotel room during your visit home, you can deduct the cost of your hotel room.  In addition, you can deduct your expenses of returning home up to the amount you would have spent for meals had you stayed at your temporary place of work."

(Def's Ex E at 17 (emphasis in original).)

Plaintiffs assert that they should be able to deduct Wortley's mileage for travel home on days off during his temporary job assignments.  Plaintiffs argue that their position is supported by Revenue Ruling 99-7, 1999-1 Cumulative Bulletin 361 (1999); *Morey*; and *Wickham v. Dept. of Rev.* (*Wickham*), TC-MD No 060465A WL 333116 (Jan 30, 2007).

Revenue Ruling 99-7, 1999-1 Cumulative Bulletin 361 (1999) states, in part:

"A taxpayer's costs of commuting between the taxpayer's residence and the taxpayer's place of business or employment generally are nondeductible personal expenses under §§ 1.162--2(e) and 1.262--1(b)(5) of the Income Tax Regulations.  However, the costs of going between one business location and another business location generally are deducible under § 162(a).  Rev. Rul. 55--109, 1955--1 C.B. 261.

"* * * * *

"* * * if the taxpayer's residence is the taxpayer's principal place of business within the meaning of § 280(c)(1)(A), the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and another work location in the same trade or business, regardless of whether the work location is regular or *temporary* and regardless of the distance."

(*See also* Def's Ex E at 9-10) (emphasis in original).

In *Morey*, this court considered whether the taxpayers could deduct expenses for Morey's travel between his tax home and his personal residence, a ranch that was Morey's "secondary business."  18 OTR at 87-88.  In making that determination, the court stated:

"Notwithstanding the fact that the ranch was a secondary business for Dean Morey, taxpayers must demonstrate that Dean Morey's primary purpose for

returning to [his home] was not personal. * * * That determination depends on the facts and circumstances of each case."

18 OTR at 88 (citing Treas Reg § 1.162-2(b)(2)). The court was persuaded that "Morey's primary purpose in returning [home] was to work at the ranch. * * * Morey worked at all times that he was on the ranch and [taxpayers] rarely, if ever, took vacations." *Morey*, 18 OTR at 89. The court also noted as persuasive the fact that, during a period of time when taxpayers were not ranching, Morey's spouse left the ranch to stay with Morey at his tax home. *Id.*

The court in *Morey* distinguished *Rider v. Comm'r* (*Rider*), 55 TCM (CCH) 1200 (1988). *Morey*, 18 OTR at 88. In *Rider*, the taxpayer was primarily employed as a pilot and his tax home was in New York City. 55 TCM (CCH) 1200. The taxpayer also engaged in a for-profit farming activity with his spouse at their personal residence in Ohio. *Id.* Having found that the taxpayer's farming activity was engaged in for profit, the court in *Rider* sought to determine whether the taxpayer "traveled to rural Deshler, Ohio [his home] primarily to work on his farming operation or whether he traveled there primarily to be at home in the popular sense of the word." *Id.* On the facts presented, the court concluded that the taxpayer's "primary purpose in traveling to Ohio was to be at home in the popular sense of the word. It was his residence. [Taxpayer] enjoyed living there. He thought it was a good place to raise children. [The court] believe[d] that he would have traveled home even if he didn't have farm work to do." *Id.*

It is clear that expenses incurred for travel that is primarily personal in nature may not be deducted as a business expense. Thus, the question becomes whether Wortley's travel home on his days off during temporary job assignments was primarily for business or personal purposes. Plaintiffs argue that Wortley's travel home on his days off was primarily for business because Plaintiffs' residence was Wortley's "principal place of business within the meaning of § 280(c)(1)(A)." Rev Rul 99-7, 1999-1 CB 361. Plaintiffs note that Wortley reported just over

$34,000 gross receipts on his 2009 Schedule C, the implication being that Wortley must have been working at home on his days off in 2009.

The court does not doubt that Wortley completed some work for his business in 2009. Unfortunately, the evidence provided by Plaintiffs does not identify which, if any, of Wortley's trips home on days off were to complete work for his business. Wortley's mileage log clearly identifies each of his temporary jobs, the total hours worked each day during temporary job, and the miles driven between his temporary lodging and temporary job sites. However, with respect to Wortley's travel home on days off, his mileage log states only that he traveled to Waldport and the total mileage; it includes no job details or hours worked while in Waldport. Plaintiffs provided no other evidence of when Wortley completed work for his business in 2009, such as a work calendar, invoices, contracts, or other business records.

In *Morey*, the court concluded that Morey's primary purpose to travel home was to work on the ranch. The court distinguished *Morey* from *Rider*, noting that Morey did not return to the ranch during a period of time when there was no work on the ranch; instead, Morey's spouse left the ranch to stay with Morey at his tax home. Here, Plaintiffs presented no evidence that Wortley decided whether to travel home on days off based on whether he had work in Waldport. Moreover, the testimony and evidence presented indicates that at least some of Wortley's trips to Waldport were primarily personal in nature.

Plaintiffs also cite this court's decision in *Wickham* in support of their position that a deduction should be allowed for Wortley's travel to and from Waldport on his days off. In *Wickham*, this court allowed deductions for the taxpayer's "weekend trips home" to his tax home at his personal residence in La Grande from his temporary work location in Troutdale. *Wickham*, WL 333116 at *7-8. The court found that the taxpayer's "weekend trips home * * * were both

ordinary and necessary under IRC section 162(a)(2) [given] the railroad industry's frequent need to shift employees temporarily from location to location based on the need for manpower at different job sites[.]" *Id.* at *8. Here, there is no evidence that the nature of Wortley's business or his work through the union required him to travel home on his days off.

For the reasons discussed above, the court concludes that Wortley's travel home on his days off was primarily personal in nature. Absent any evidence indicating which, if any, of Wortley's trips to Waldport on his days off were primarily for a business purpose, the court finds that no additional mileage deduction is supported in this case.

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiffs have not established by a preponderance of the evidence that an additional mileage deduction for the 2009 tax year should be allowed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of December 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on December 9, 2013. The court filed and entered this document on December 9, 2013.*