IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JAMES WASSOM                          )
and ELIZABETH WASSOM,                 )
                                      )
            Plaintiffs,               )      TC-MD 150374D
                                      )
      v.                              )
                                      )
DEPARTMENT OF REVENUE,                )
State of Oregon,                      )
                                      )
            Defendant.                )      **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered

January 29, 2016. The court did not receive a statement of costs and disbursements within 14

days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiffs appeal Defendant's Conference Decision, dated April 21, 2015, for the 2010 tax

year. Plaintiffs also appeal the 2011 through 2014 tax years. A trial was held in the Oregon Tax

Courtroom, on November 25, 2015, in Salem, Oregon. James Wassom (Wassom) appeared and

testified on behalf of Plaintiffs. Peggy Ellis (Ellis) appeared and testified on behalf of

Defendant. Plaintiffs' Exhibits 1 through 22 were received without objection. Defendant's

Exhibits A through N were received without objection, except Exhibit N page 3, which was not

received.

Plaintiffs' appeals for the 2011 through 2014 tax years were dismissed at the beginning of

trial because the Department of Revenue had not yet issued an appealable assessment for those

years, and thus the matters were not yet properly before the court pursuant to ORS 305.265

(2013).

/ / /

## I. STATEMENT OF FACTS

Plaintiffs appeal Defendant's denial of deductions claimed on Schedule C and Schedule F of their filed income tax returns for the 2010 tax year. (Def's Ex A.) The Defendant disallowed some of Plaintiffs' deductions on Schedule C eliminating car & truck expenses and reducing depreciation, labor hired, repairs & maintenance, and veterinary expenses. (Def's Ex A at 3.) The adjustments to Plaintiffs' Schedule C resulted in a change in their Schedule F for farm activity. (*Id*.) Wassom stated that Plaintiffs do not challenge Defendant's adjustments for labor hired or veterinary expenses.

Wassom testified that Plaintiffs own a home and reside in Gold Hill, Oregon, and that they own a ranch in Harney County which is approximately 322 miles from their home. Wassom testified that Plaintiffs do not live at the ranch because it is too remote, has undependable phone and electricity service, and because they had a very bad experience at one of the local hospitals. Plaintiffs make phone calls for the ranch, keep some equipment, and maintain business records at their home, which they consider their "home office." (Test of Wassom.) In 2010, Plaintiffs made 16 trips from their home to the ranch and spent 95 days working or transporting items to and from the ranch. (Ptfs' Ex 7; Def's Ex H.) To record their mileage, Plaintiffs reset their trip odometer before going to the ranch and recorded the ending trip odometer when they returned home. (Test of Wassom.) Occasionally, Plaintiffs would take a personal excursion during their trip to the ranch, such as going out to dinner, and deduct that mileage from the odometer reading. (Test of Wassom.) Plaintiff recorded their total mileage for each trip along with the hours and a brief description of their activities on a written log. (Test of Wassom.) Plaintiffs' log documents 15,015 miles in ranch related travel in 2010. (Def's Ex H.)

/ / /

In 2010, Plaintiffs purchased a 2011 Ford F350 for $50,252, with a $9,252 trade-in credit for their 2003 truck. (Def's Ex K at 6.) Wassom could not recall the date of purchase, but Plaintiffs' mileage log, for the period November 16, 2010 through November 21, 2010, states "Pick up 2011 350, Nov. 17 drove to Barns Garage New Car Paper Work, 100 miles." (Def's Ex H at 3.) Wassom testified that he used the truck primarily for ranch related business, but also took several fishing and other trips with the truck. Plaintiffs depreciated $39,189[1] of the truck purchase price on their 2010 return based on their understanding that they could immediately depreciate 100% of the truck cost pursuant to the Tax Relief, Unemployment Insurance Reauthorization and Job Creation Act of 2010 (Pub Law 111-312, hereinafter, "Tax Relief Act of 2010.") (Def's Ex D at 1; Test of Wassom.) Plaintiffs also deducted $7,508 in car and truck expenses including the 15,015 travel miles cited above. (Def's Ex B at 6, 8.) Plaintiffs deducted $1,566 in business supplies, some of which were purchased in Harney County. (Ptfs' Ex 8 at 1; Def's Exs B at 6, L.)

Ellis testified that Defendant denied Plaintiffs' mileage deduction in part, because travel between their home and the ranch was considered non-deductible commuting travel and in part, because Plaintiffs did not substantiate their business miles. Ellis testified that Plaintiffs did not have a business purpose for living so far from their ranch and supplies were readily available in Harney County. (Def's Exs F, G, and L.) Defendant denied depreciation of the truck on the theory that the Tax Relief Act of 2010 required 100 percent business use to be eligible for bonus depreciation.

/ / /

/ / /

---

[1] It is uncertain how Plaintiffs arrived at this figure as the net cost of the truck was $41,000.

## II.  ANALYSIS

The court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals.  ORS 316.007[2].

IRC section 162 generally allows a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."  A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions.  IRC § 6001; Treas Reg § 1.6001–1(a).  Previously, where a taxpayer established entitlement to a deduction but did not establish the amount of the deduction, the court was allowed to estimate the amount allowable.  *See*, *Cohan v. Comm'r,* 2 US Tax Cas (CCH) ¶ 489, 39 F2d 540 (2nd Cir 1930).  However, IRC section 274(d) overrules *Cohan* and provides that no deduction is allowable under section 162 for any traveling expenses unless the taxpayer complies with strict substantiation rules.  IRC § 274(d)(1), (4).  A taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient evidence corroborating his or her own statement.  IRC § 274(d)(4); Treas Reg § 1.274–5T(b)(2), (c) (2010); *Duncan v. Comm'r*, 80 TCM (CCH) 283 (2000), 2000 WL 1204820 at *3 (finding that no deduction was allowed where taxpayer failed to substantiate the amount of lodging expenses incurred).  A taxpayer bears the burden of proof.  ORS 305.427.

A.    *Deduction for Mileage*

Under Internal Revenue Code (IRC) § 162, a taxpayer may deduct "such traveling expenses [that] are reasonable and necessary in the conduct of the taxpayer's business and directly attributable to it * * *."  Treas Reg § 1.162-2(a).  Generally, a taxpayer may not deduct

---

[2] The court's references to Oregon Revised Statutes (ORS) are to the 2009 edition.

daily transportation expenses, commonly referred to as commuting expenses, incurred in going between the taxpayer's residence and their regular place of business or employment. Treas Reg § 1.262-1(b)(5); *see also* §1.162-2(e). That rule is based on the premise that "* * * where a taxpayer chooses to live is a personal decision. The distance a taxpayer chooses to live from [their] place of business does not change the character of the expense." *Harding v. Dept. of Rev.*, 13 OTR 454, 458 (1996); *see also, Comm'r v. Flowers*, 326 US 465, 473, 66 S Ct 250, 90 L Ed 203 (1946)(stating that "whether [taxpayer] traveled three blocks or three hundred miles to work, the nature of [the] expenditures remained the same"). In contrast, if a taxpayer has one or more regular work locations away from the taxpayer's residence, the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location in the same trade or business. Rev Rul 99-7, 1999-1 CB 361.

1.      *Plaintiffs' mileage deduction from home to the ranch*

Plaintiffs assert that their "home office" for the ranch business is located in their residence in Gold Hill because that is where they make phone calls, prepare and maintain paperwork, and obtain supplies. Plaintiffs argue that any mileage from their residence to the ranch should be deductible because they are going from one place of business to another. Defendant argues that Plaintiffs' decision to live so far from the ranch is for personal and not for business reasons and thus the mileage is not deductible.

In *Flowers*, the Supreme Court held that a taxpayer who lived in one state and worked in another state, must show that "[t]he exigencies of business rather than the personal conveniences and necessities of the traveler" in order to deduct mileage from a home office to another location where business is conducted. *Flowers*, 326 US at 474. In *Sanders v. Comm'r*, 439 F2d 296 (9th Cir 1971), *cert. denied*, 404 US 864 (1971), the Ninth Circuit held that civilian employees

working on a military base located far from any residential community could not deduct the cost of commuting, despite the unavailability of closer living accommodations. *Id.* at 299.

Plaintiffs do use their home in Gold Hill for some ranch business, but the weight of the evidence shows that the decision to live so far from the ranch was for their own personal convenience rather than any business necessity. The location of Plaintiffs' home office offered no benefit to the ranch business. Ranch supplies are readily available nearby in Harney County as are living accommodations. Plaintiffs have failed to demonstrate a business purpose for living so far from the ranch. Under *Flowers* and *Sanders*, Plaintiffs' travel from their home to the ranch represented personal commuting miles which are not deductible as business expenses.

2. *Deduction of mileage other than commuting*

Having eliminated the deduction for Plaintiffs' commuting mileage from their home to the ranch, the question then becomes whether they may deduct other mileage. The evidence clearly shows that Plaintiffs incurred mileage related to ranch business activities. However, Plaintiffs' method of documenting miles is problematic because it lumped all ranch related miles together in a single entry for each multiday trip. Defendant argues that the logs are insufficient substantiation because Plaintiffs did not record the beginning and ending odometer reading for each destination and because it doubted Wassom's testimony that he deducted miles for personal excursions such as going to dinner.

An uninterrupted vehicle trip can be aggregated into a single log entry. Treas Reg § 1.274-5T(c)(6)(i)(B). Wassom credibly testified that he deducted personal use of the truck while on his extended ranch trip from his total mileage. His testimony corroborates his written travel log. The court accepts Plaintiffs' reported mileage for the business trips, less the mileage disallowed as a commuting mileage. Plaintiffs took 16 trips to the ranch which represented

10,304 in commuting miles.[3]  Since Plaintiffs recorded 15,015 total miles and 10,304 miles are not deductible, they are entitled to deduct 4,711 miles as a business expense.

B.      *Deduction of Repairs and Maintenance*

Defendant adjusted $1,622 to Plaintiffs' deductions for repair and maintenance to their truck.  (Def's Ex A at 3.)  Taxpayers are only entitled to only one deduction for business travel; either automobile expense based on a mileage rate or actual expenses including depreciation, but not both.  *Nash v. Comm'r*, 60 TC 503, 520 (1973).  By using the standard federal mileage rate, which includes maintenance expenses, Plaintiffs have waived their right to deduct vehicle repairs and maintenance.  *Id*.

C.      *Depreciation*

Plaintiffs took depreciation of $44,039 on their 2010 return, some of which was allowed by Defendant.  (Def's Ex B at 6; A at 4).  At issue in this case is depreciation taken in the amount of $39,189 for the 2011 Ford F350.  (Def's Ex A at 4.)  Normally property such as trucks used in business must be depreciated over time.  *See*, IRC § 168.  Plaintiffs assert that the Tax Relief Act of 2010 allowed them to take 100 percent (bonus) depreciation of their 2011 truck in the 2010 tax year.

The Tax Relief Act of 2010 provides that "qualified property acquired by the taxpayer * * * after September 8, 2010, and before January 1, 2013, and which is placed into service by the taxpayer before January 1, 2012 * * *" is eligible for a 100% first-year depreciation allowance.  IRC § 168(k)(5) (2010).  Plaintiff's Ford F350 is a "qualified property" under IRC section 280F(d)(4)(ii).  A taxpayer may depreciate qualified property if "predominately  used in a qualified business use."  IRC § 280F(b).  The term "predominantly used in a qualified business

---

[3] 16 trips x (322 miles each way x 2) = 10,304 miles

use" means that the listed property's "business use percentage" must exceed 50%. IRC § 280F(b)(3). And generally, "qualified business use" is "*any* use in a trade or business of the taxpayer." IRC § 280F(d)(6)(B) (emphasis added). Thus, if Plaintiffs prove that they used the 2011 truck for business use more than 50% of the time, then the truck would be considered "qualified property" for bonus-depreciation purposes.

The contract for the purchase of the truck was undated and neither party knew the exact date of purchase. The only evidence on this point is an entry on Plaintiffs' mileage log, for the period November 16, 2010 through November 21, 2010, that indicates the new truck was placed in service on November 16 or 17, 2010, which would be during the time period required under section 168(k)(5). Also somewhat ambiguous is the number of business miles and personal miles driven on the new truck in 2010. The November 2010 log entry documents 968 miles driven for the trip on November 16 through 21, 2010, and 1,014 miles driven for a trip on December 6, 2010 through December 13, 2010. (Def's Ex H at 3.) Since the new truck was purchased in Harney County we know that 322 miles of the November trip represents a commute from their home to the ranch in the 2003 truck. The court is unable to specify how many additional miles Plaintiffs drove in their old truck, but viewing the evidence in the best light to Plaintiffs it is likely at least 50 miles (100 miles noted in their November entry was to and from the dealership.) Using that estimate, we subtract from the total November miles (968) the 322 commuting miles on the old truck and 50 miles to get to the truck dealership. That leaves 596 miles on the new truck in November 2010 and 1,014 miles on the truck in December 2010, for a total mileage of 1,610.

Next, we calculate the amount of that mileage which represents personal mileage. As discussed above, mileage for commuting from their home to the ranch is personal mileage.

Plaintiffs drove home from the ranch on November 21, 2010, for 322 miles and drove to and from the ranch in December for 644 miles, resulting in 966 personal miles. The total miles of 1,610 are divided by 966 personal miles to arrive at a figure of 60 percent personal miles. Since the business miles are less than 50 percent, Plaintiffs are not eligible for the bonus depreciation for the 2011 truck in the 2010 tax year.

Plaintiffs chose to deduct both depreciation on their truck and actual expenses, such as repairs and depreciation. However, as stated above taxpayers are only entitled to only one deduction. *Nash*, 60 TC at 520. Since Plaintiffs have provided evidence of mileage, and they are not entitled to the accelerated depreciation, then the deductions for standard mileage should apply.

C.      *Other deductions*

Plaintiffs did not contest Defendant's adjustments to their deductions for labor hired, or veterinary care and thus, those adjustments are unaffected by this appeal.

III.  CONCLUSION

After careful consideration, the court concluded that Plaintiffs have met their burden of proof with respect to 4,711 miles of business mileage expense, and have failed to meet their burden of proof on the remaining issues. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant shall allow Plaintiffs to deduct 4,711 miles as business mileage expense.

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER THE DECISION OF THIS COURT that Plaintiffs' appeal of additional business mileage expenses, repairs, maintenance and depreciation of the 2011 truck is denied.

Dated this \_\_\_ day of February 2016.

_____

RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.***

***This document was filed and entered on February 17, 2016.***