IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

RAMI KHALAF,                          )
                                      )
              Plaintiff,              )    TC-MD 170280R
                                      )
       v.                             )
                                      )
DEPARTMENT OF REVENUE,                )
State of Oregon,                      )
                                      )
              Defendant.              )    **FINAL DECISION[1]**

Plaintiff appealed Defendant's Notice of Assessment, dated May 17, 2017, for the 2013

tax year. A trial was held on January 18, 2018, in the Oregon Tax Court. Rami Khalaf (Khalaf)

appeared and testified on his own behalf. Auditor, Paul Vai (Vai), appeared and testified on

behalf of Defendant. Plaintiff's Exhibits 1 to 5 were admitted into evidence over Defendant's

objection. Defendant's Exhibits A to J were admitted into evidence without objection. After the

trial, Plaintiff submitted translations from Arabic for several of his Exhibits. The translated

exhibits were not submitted timely and were not admitted into evidence.

## I. STATEMENT OF FACTS

Khalaf testified that his primary occupation is engineering manager. Back in his college

years, Khalaf became friends with many individuals who were from the United Arab Emirates

(UAE). After graduating he received calls and messages from his friends for him to find and

ship products from the U.S. to the UAE. This endeavor started out as a hobby, but as his

activities grew, he started exporting goods as a side business. Khalaf testified he would receive a

---

[1] This Final Decision incorporates without change the court's Decision, entered September 7, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

call or message for a particular item, he would locate the item, establish a price including a markup, receive a wire transfer as payment from the customer, and then he would mail or ship the item. He testified that he needed to periodically travel to the UAE to bolster his reputation because he expected his overseas customers, some of whom had never met him, to wire funds prior to his shipping the items. Khalaf testified that it was important to establish trust on a one-to-one basis.

Khalaf testified that at the start of his business he almost exclusively sold ATVs. He found that he could underprice his competition in the UAE, even with shipping costs. Khalaf saw a pattern that every two years newer models came out and he tried to stay up and deliver on the trends. Khalaf saw that his local competition in the UAE began to match his prices and he decided that the next trend would be after-market upgrades. In 2012, Khalaf purchased a dune buggy for $17,249. (Def's Ex D at 3.) Unlike the rest of his purchases, he did not have a buyer, and instead of paying in full for the item, he financed the purchase. (Def's Ex D at 4 to 7.) He put $27,000 worth of upgrades into the dune buggy. (Def's Ex D at 14 to 58.) He testified that his goal was to have a "demonstration" vehicle. He took the vehicle to the Oregon Coast to test it and shot a promotional video to share on the internet and to email to potential customers. Khalaf testified that he has put about 50 hours of use on the dune buggy. Khalaf did not get any orders for an upgraded dune buggy and the video did not increase his sales. At some point in 2014, he attempted to sell the upgraded dune buggy on the website Craigslist, but he received no offers. He testified that he is still trying to sell it. On Khalaf's 2013 tax return he took a deduction for depreciation.

Khalaf testified that he mostly purchased "high-end" cars from California or Arizona and needed to travel to those locations to develop personal relationships with car dealers. During

each trip he usually spent a couple of hours talking to dealers but then spent his free time shopping or visiting with family. Khalaf testified that he tracked his expenses using an excel file and tracked his travel in a diary.

## II. ANALYSIS

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[2] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). Finally, "[i]n an appeal to the Oregon Tax Court from an assessment made under ORS 305.265, the tax court has jurisdiction to determine the correct amount of deficiency, even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue * * *." ORS 305.575.

IRC section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" "To be 'necessary[,]' an expense must be 'appropriate and helpful' to the taxpayer's business. * * * To be 'ordinary[,]' the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved." *Boyd v. Comm'r*, 83 TCM (CCH) 1253 (2002), 2002 WL 236685 at *2 (US Tax Ct) (citations omitted). IRC section 262 disallows deductions for

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2011 version.

"personal, living, or family expenses" not otherwise expressly allowed under the IRC.

Taxpayers must be prepared to produce "any books, papers, records or memoranda bearing upon [any] matter required to be included in the return[.]" ORS 314.425(1); *see also Gapikia v. Comm'r*, 81 TCM (CCH) 1488 (2001), 2001 WL 332038 at *2 (US Tax Ct). Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it fully, the court is permitted to make an approximation of an allowable amount. *Cohan v. Comm'r*, 39 F2d 540, 543–44 (2nd Cir 1930). The estimate must have a reasonable evidentiary basis. *Vanicek v. Comm'r*, 85 TC 731, 743 (1985). However, IRC section 274(d) imposes strict substantiation requirements on deductions for travel, meals, gifts, and listed property under IRC section 280F(d)(4)(A)(i) (listed property includes "any passenger automobile" and "any property of a type used for the purposes of entertainment, recreation, or amusement"). IRC section 274(d) thus supersedes the *Cohan* rule. Treas Reg 1.274–5T(a). To deduct travel expenses, the taxpayer must demonstrate the expenditure amount, time, place, and business purpose of the travel through "adequate records * * * sufficient to establish each element of an expenditure * * *." Treas Reg 1.274–5T(b), (c)(2). If the taxpayer fails to meet those substantiation requirements; no deduction may be allowed.

A.    *Cost of Goods Sold (COGS)*

COGS is an expense, not a deduction, and is used "to offset receipts from the eventual sale of goods." *Hillenga v. Dept. of Rev.*, 21 OTR 396, 411 (2014), *rev'd in part on other grounds*, 358 Or 178 (2015). COGS expenses are subtracted from gross sales where a taxpayer in engaged in the sales of goods to determine gross income. Treas Reg 1.61-3.

Defendant denied Plaintiff's COGS in the amount of $6,000 for a supercharger and replacement parts. Although Plaintiff submitted a recreated purchase invoice dated 2017 for the

parts, the accompanying email from the Toyota dealership is persuasive that Khalaf purchased the parts in 2013. Khalaf testified that he shipped the items to a customer in the UAE inside the compartment of a Toyota Tundra and not installed in the vehicle because it was meant for another truck. He further testified that he did not put on the shipping manifest to the UAE any items which were inside the truck. Other than the invoice showing his purchase of the items and Khalaf's testimony, there is no persuasive documentary evidence, such as invoices or inventories, proving that he sold the items. Khalaf has not met his burden of proof that the supercharger and replacement parts represented business COGS. Therefore, these COGS are not allowed.

B.      *Cell Phone*

As of 2010, cellular telephones were removed from the definition of "listed property." *See* Pub L 111-240, § 2043, 124 Stat 2560 (2010). As a consequence, it is possible for courts to estimate the amount of allowable deductions pursuant to the *Cohan* rule. Such estimation is only possible if there is a basis in the record from which a court can reasonably apportion business and personal use. *Vanicek*, 85 TC at 742–43. After audit, Defendant allowed a portion of Khalaf's claimed cell phone expenses. At trial, Khalaf did not present any evidence in support of his cell phone expense. Therefore, Khalaf's request for an adjustment is denied.

C.      *Lodging Expenses*

A taxpayer may deduct "traveling expenses * * * while away from home in the pursuit of a trade or business[.]" IRC § 162(a)(2). "The purpose of IRC section 162(a)(2) is to ameliorate the effects of business which requires taxpayers to duplicate personal living expenses." *Harding v. Dept. of Rev.*, 13 OTR 454, 458 (1996). "Consequently, courts must determine whether the claimed expense is actually required by the business rather than by the taxpayer's personal

choice." *Id.* To deduct travel expenses under IRC section 162(a)(2), taxpayers must show that the expenses "(1) were incurred in connection with a trade or business; (2) were incurred while away from home; and (3) were reasonable and necessary." *Morey v. Dept. of Rev.*, 18 OTR 76, 80–81 (2004) (citation omitted).

Lodging expenses are listed expenses subject to the more stringent evidentiary requirements of IRC 274(d). IRC 274(m)(3) states:

> "No deduction shall be allowed under this chapter (other than section 217) for travel expenses paid or incurred with respect to a spouse, dependent, or other individual accompanying the taxpayer (or an officer or employee of the taxpayer) on business travel, unless--(A) the spouse, dependent, or other individual is an employee of the taxpayer, (B) the travel of the spouse, dependent, or other individual is for a bona fide business purpose, and (C) such expenses would otherwise be deductible by the spouse, dependent, or other individual."

For travel expenses, Khalaf presented a four pages narrative criticizing the audit. (Ptf's Ex 4.) Additionally, Khalaf presented testimony that his hotel expenses to the UAE and California were all necessary for the business and that the hotel bills showing more than one guest, other than the Oasis Beach Tower in the UAE, were not accurate. He testified that even if there were an additional person added, it would not increase the hotel expense. Additionally, Khalaf testified that on some occasions he brought and paid for family members on his trips because they helped him in the business and were "business associates" for purposes of the travel.

The court is persuaded that Khalaf traveled to various locations for business. However, the court is not persuaded that the hotel receipts are inaccurate with respect to the number of persons occupying its hotel rooms. Other than his testimony Khalaf presented no evidence in the form of contemporaneous notes or logs of his travel. His testimony alone is insufficient to overcome the evidence in the receipts. Further, Khalaf did not keep a contemporaneous travel

log for the court to determine the business purpose for each trip, and the amount, if any of personal expenses incurred as part of those trips. Whether a second hotel guest increased the travel expense was not Defendant's point at trial, rather, the fact that Khalaf's family joined him tends to show that that the primary purpose of the travel was not for business. Vai presented evidence that the amount of time Khalaf spent on business activities consisted of a couple of hours over the course of a few days. In some instances, such as November 2013, Khalaf traveled for five days with family with minimal evidence of business. Based on that, Vai adjusted the travel expense to allow only a portion based on his perception of how much expense was attributable to the business. Khalaf did not present persuasive evidence to overcome those adjustments. Therefore, his deduction for travel expenses, beyond those allowed during the audit, are denied.

D.     *Apartment Rental in the UAE*

Khalaf sought to deduct business rent for a four-bedroom apartment in the UAE. Khalaf testified that the lease was in the name of his sister, who sometimes resided there. He testified that it was cheaper and more efficient to use the apartment as a second office rather than renting a hotel room. He testified that he contributed to his sister about $15,000 for the space and that he used it for approximately 50 days in 2014.

The rental agreement presented to the court was not translated from Arabic as required. ORS 1.150. (Ptf's Ex 5 at 5-7.) However, sufficient parts of the contract were in English and Khalaf testified as to the rest of the agreement, enabling the court to understand the transaction. The court can readily understand that Khalaf would have incurred some lodging expenses in traveling to the UAE. However, part of that rental also appears to have been a personal expense of Khalaf's sister. Khalaf presented no records to meet the requirements of IRC 274(d). His

lack of business records or a diary of his travel means the court cannot even consider estimating the potential business portion of the UAE apartment. Thus, his deduction for the rental must be denied.

E.     *Auto Lease*

Similar to the apartment lease, Khalaf presented an auto purchase in the UAE for a Mini Cooper, in the name of his sister, for which he testified cost $44,000.[3] Khalaf testified that he wired his sister $7,000 for use of the car while he was in the UAE. Khalaf did not keep any documentary evidence regarding his travel with this vehicle. He did not comply with the substantiation requirements of IRC 274(d). The court is unable to even consider whether an estimation of business use, under the *Cohan* rule, is possible. Consequently, the deduction must be denied.

F.     *Business Expense or COGS – Dune Buggy*

Much of the trial focused on the treatment of a dune buggy which Khalaf identified as the "demonstration" dune buggy. Khalaf testified that unlike his other vehicles, for which he purchased after receiving funds from a customer, he financed this vehicle. Khalaf sought a deduction for depreciation. Khalaf testified that his intent for the dune buggy was to use as a demonstration vehicle to generate sales. He argues that he put limited hours on the vehicle which is not consistent with personal use. He also cites a video he shot of the vehicle at the Oregon Coast which he posted online and sent to prospective customers. Finally, he argues that his business model does not regularly carry inventory. Defendant denied the deductions based on its view the dune buggy was inventory and the amount could only reduce the sales prices as a COGS.

---

[3] The sales agreement and maintenance agreement were in Arabic and not translated. Thus, the court relied on Khalaf's testimony.

IRC section 167(a) states the general rule that, "[t]here shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) -- * * *of property used in the trade or business[.]" Treas Reg 1.167(a)-2 limits the deduction to certain categories. "*The allowance does not apply to inventories* or stock in trade, or to land apart from the improvements or physical development added to it." *Id* (emphasis added). Because inventories are excluded from the deduction, the court's classification of the dune buggy as either inventory or not inventory will be determinative as to the Khalaf's ability to take deductions for the dune buggy in the tax year at issue.

"Inventory is, simply stated, property that is held for sale." *Galedrige Const., Inc. v. Comm'r*, 73 TCM (CCH) 2838 (1997), 1997 WL 269574 at *8 (US Tax Ct). This definition fits with the case at hand. The dune buggy is being held until it can be sold for the price asked. Khalaf testified that he attempted to sell the item and is still attempting to set it. Khalaf's promotional video is one indication that the dune buggy is a demonstration vehicle. But, other than the video, Khalaf presented no other evidence that it is a demonstration vehicle. Khalaf has no customers in Oregon to test drive the buggy and it is not regularly driven to demonstrate its capabilities. The court is not persuaded that the primary purpose of the dune buggy during the 2013 tax year was as a demonstration vehicle. Thus, the dune buggy should be classified as inventory and Khalaf is not entitled to depreciation for the "demonstration" dune buggy during the tax year in issue.

/ / /

/ / /

/ / /

/ / /

After careful consideration, the court concludes that Plaintiff did not provide sufficient substantiation for the deductions he was seeking.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of September 2018.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on September 25, 2018.*